## JACK C. DIVINE V. STATE

No. 29,189. October 30, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) December 4, 1957.

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00. Trial was before the court without the intervention of a jury.

Mrs. Slater testified that on the day in question, as she turned into her driveway, an automobile driven by the appellant approached from her rear and ran into the right rear of the sedan which she was driving; that following the accident she smelled "an alcoholic drink" on the appellant's breath, observed that his eyes were "red looking," and expressed the opinion that he was intoxicated.

Patricia Slater testified that she arrived upon the scene, found all parties present, observed the appellant's manner of walking, smelled his breath, and expressed the opinion that he was intoxicated.

Harold Slater testified that the appellant's breath "smelled like liquor" when he arrived at the scene of the collision.

Taxi driver Butcher testified that he saw the collision, went

to the scene, smelled the appellant's breath, and expressed the opinion that he was intoxicated.

Accident investigator Hadley of the Houston police testified that when he arrived at the scene he observed the appellant, detected a strong odor of alcohol on his breath; noted that his face was flushed, that his clothes were disarranged, that he was "hiccupping," that his speech was slurred, concluded that he was intoxicated, and placed him under arrest.

The above, we think, is an accurate summary of the testimony of the state's witnesses about which there can be no question as to the admissibility.

The appellant and a number of witnesses in his behalf testified that he was not intoxicated on the day in question.

The judge resolved the conflict in the evidence against the the appellant, and we find sufficient admissible evidence to sustain his finding. Arnold v. State, 161 Texas Cr. Rep. 344, 277 S.W. 2d 106.

The judgment is affirmed.