Alberto Carreon SALAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 35202.

Court of Criminal Appeals of Texas.

Jan. 16, 1963.

Rehearing Denied March 13, 1963.

Joseph A. Calamia, Edward S. Marquez, El Paso, for appellant.

Edwin F. Berliner, Dist. Atty., Jack N. Ferguson, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The indictment charged that appellant was at the time and place mentioned therein "unlawfully under the influence of a narcotic drug." Upon his plea of guilty, appellant was sentenced to not less than one (1) hour and not more than three (3) years; the execution of such sentence was probated, and under the authority of Section 8 of Article 781d, Vernon's Ann.C.C.P., this appeal is prosecuted.

Ample proof was offered that appellant came across the international bridge at El Paso into this State while under the influence of narcotics.

The constitutionality of Article 725c, Vernon's Ann.P.C., is attacked, and reliance is had upon the recent holding of the Supreme Court of the United States in Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758. Article 725c, V.A.P.C., reads, in part, as follows:

"Sec. 2. It shall be unlawful for any person to habitually use narcotic drugs, be addicted to the use of narcotic drugs, or be under the influence of narcotic drugs, provided, however, that nothing in this Section shall be applicable to a person who has a medical need for narcotic drugs and who obtains the narcotic drugs required for such medical need in accordance with the laws of the State of Texas and of the United States."

■ Under the above holding of the Supreme Court, Article 725c, V.A.P.C., insofar as it makes it a crime for a person to be addicted to the use of narcotic drugs is invalid. We cannot bring ourselves to agree with appellant that the entire act must fall. The majority opinion in Robinson points out that "[t]hat portion of the statute (California) referring to the 'use' of narcotics is based upon the 'act' of using," while being addicted to narcotics was a status or condition and not identical to the act of using. The California trial court instructed the jury that they might convict upon a finding that accused committed the "act" or was of the "status" and such instructions were approved on appeal. Such is not the case before us here. Appellant was charged with the "act" of being under the influence, to which indictment he plead guilty before the court without the intervention of a jury. Under such a case and the holdings of this Court in Divine v. State, 165 Tex.Cr.R. 348, 307 S.W.2d 91, and cases there cited, we will presume that the court considered only such evidence as was admissible and that he based his judgment on the valid and constitutional portion of the statute in question.

■ If we properly understand appellant's final contention, it is that the caption of Article 725c, supra, when enacted, indicated a legislative intent to impose cruel and unusual punishment upon the narcotic addict, as announced by the opinion in Robinson, and that since the act contained no severability clause the entire act must fall. We call attention to that portion of the caption which makes "the use of narcotic drugs unlawful" and the rule of statutory construction which provides that if the unconstitutional or void portion of any statute be stricken out and that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which is rejected, the statute must be sustained. And this is true though the act contains no severability clause. Young v. State, 160 Tex.Cr.R. 67, 267 S.W.2d 423, and 12 Tex.Juris. 2nd, Constitutional Law, Sec. 48, p. 393.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.