**UNITED STATES of America,**
**Appellee,**

v.

**Robert Sinclair FREEMAN, Appellant.**

**No. 233, Docket 29826.**

United States Court of Appeals
Second Circuit.

Argued Jan. 24, 1966.

Decided April 7, 1966.

---

Frank M. Tuerkheimer, Asst. U. S. Atty. for Southern District of New York (Robert M. Morgenthau, U. S. Atty., and Daniel R. Murdock, Asst. U. S. Atty., on the brief), for appellee.

Theodore Krieger, New York City, for appellant.

Before FRIENDLY and HAYS, Circuit Judges, and DOOLING, District Judge.*

HAYS, Circuit Judge:

Appellant Freeman was indicted for unlawfully receiving, concealing, and facilitating the transportation and concealment of narcotic drugs, heroin and cocaine, in violation of 21 U.S.C. §§ 173 and 174. Judge Tenney, sitting without a jury, found Freeman guilty of the charge, insofar as it related to liquid cocaine.[1] On Freeman's appeal, we are presented with a difficult question concerning the constitutional requirements for obtaining a search warrant.

Prior to trial appellant moved, pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure[2] to suppress the evidence, i. e. the narcotic drugs, seized by Federal agents, under the authority of a search warrant, at the time of arrest. Appellant argued that the "war-

rant was invalid because the affidavit on the strength of which it was issued failed to make a sufficient showing of probable cause." The motion was denied and appellant claims that this ruling was erroneous.

In January 1963, an informant told Agent Benjamin of the narcotics bureau that a man named Spooner and his partner, appellant Freeman, were selling large quantities of narcotics. The informant said that Spooner either lived or worked at 246 West 18th Street in New York City. Benjamin investigated and discovered that Spooner worked as a superintendent at 246 West 18th Street, and lived at 166 West 129th Street.

In early March 1963, Benjamin asked the informant to try to learn where Spooner and his partner kept their narcotics. On March 11, 1963, the informant told Benjamin that he had seen Spooner and the appellant "bagging up narcotics" on a bed in the apartment, previously found to have been Spooner's residence, at 166 West 129th Street.

The informant had been working with the narcotics bureau since 1958 and with Agent Benjamin for about a year. During this time he had provided Benjamin with information leading to eight prosecutions. On the basis of the informant's past activities, Benjamin and other federal agents considered him "reliable."

On March 13, 1963 Benjamin, in support of his application for a search warrant, submitted the following affidavit to a United States Commissioner:

"[T]he facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: The heroin was seen within the premises on this date by an informant of previous reliability. On· March 11, 1963,

---

* Of the Eastern District of New York, sitting by designation.

1. Judge Tenney found that appellant had not been sufficiently connected with the heroin described in the indictment.

2. "Motion for Return of Property and to Suppress Evidence. A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for the use as evidence anything so obtained on the ground that * * * (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued * * *."

and March 12, 1963, the occupant of the premises was observed in meeting with known addicts and the aforesaid informant saw him transfer narcotics to known addicts."

The warrant was issued. The evidence which appellant moved to suppress was obtained during the search made pursuant to the warrant.

Appellant attacks the warrant on the ground that the affidavit of Agent Benjamin presented an insufficient basis to justify the Commissioner's determination that there was probable cause for the issuance of the warrant. The affidavit was not made upon personal knowledge and did "not contain any factual information independently corroborative of the hearsay contained therein."

The Fourth Amendment reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The Amendment's admonition against unreasonable searches and seizures is reflected in Rule 41(c) of the Federal Rules of Criminal Procedure, which provides:

"Issuance and Contents. A warrant shall issue only on affidavit sworn to before the judge or commissioner and establishing the grounds for issuing the warrant. If the judge or commissioner is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. * * *"

There would be no doubt of the sufficiency of the affidavit if it were based on the personal observations of the affiant.[3] The question as to the sufficiency of Agent Benjamin's affidavit arises from its being based on hearsay. The Supreme Court has held that an affidavit though based on hearsay is sufficient "so long as a substantial basis for crediting the hearsay is presented." Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 735, 4 L.Ed.2d 697 (1960). The issue for decision is whether or not the statement that the source of the hearsay was an "informant of previous reliability" offered such a "substantial basis."

The standard to be used in reaching a determination must not be so stringent nor so technical as to discourage the use of search warrants, since "the informed and deliberate determinations of magistrates empowered to issue warrants * * * are to be preferred over the hurried action of officers * * * who may happen to make arrests." United States v. Lefkowitz, 285 U.S. 452, 464, 52 S.Ct. 420, 423, 76 L.Ed. 877 (1932).

"If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. *A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.*" (Emphasis added.) United States v. Ventresca,

---

**3.** As the Supreme Court said in Brinegar v. United States, 338 U.S. 160, 173, 69 S.Ct. 1302, 1309, 93 L.Ed. 1879 (1949):
"There is a large difference between the two things to be proved, [guilt and probable cause] as well as between the tribunals which determine them, and therefore a like difference in the *quanta* and modes of proof required to establish them."
See United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).

■ When a search is based upon a judge's or commissioner's, rather than a police officer's, determination of probable cause, a reviewing court will accept evidence of a less "judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant." Jones v. United States, supra, 362 U.S. at 270, 80 S.Ct. at 736. See Aguilar v. State of Texas, 378 U.S. 108, 111, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

■ On the other hand, it is of critical importance that the judge or commissioner be provided with sufficient information to enable him to make a considered judicial determination as to whether the warrant should be issued. The proper performance of this function requires an affidavit which presents facts on which a finding of probable cause can reasonably be predicated. "Although the reviewing court will pay substantial deference to judicial determinations of probable cause, the court must still insist that the magistrate perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police." Aguilar v. State of Texas, supra, 378 U.S. at 111, 84 S.Ct. at 1512; see Johnson v. United States, 333 U.S. 10, 13–14, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

In Jones v. United States, supra, the affiant stated that he believed an informant's statements because the informant had "given information to the undersigned on previous occasion and which was correct." The issue presented was "whether an affidavit which sets out personal observations relating to the existence of cause to search is to be deemed insufficient by virtue of the fact that it sets out not the affiant's observations but those of another." Id. 362 U.S. at 269, 80 S.Ct. at 735. In upholding the warrant the Court recognized that had the hearsay statement itself been the sole offering,

"it might not have been enough; but [the agent] * * * swore to a basis for accepting the informant's story. The informant had previously given accurate information." Id. 362 U.S. at 271, 80 S.Ct. at 736.

The Court concluded that "[w]e cannot say that there was so little basis for accepting the hearsay here that the Commissioner acted improperly." Id. 362 U.S. at 271, 80 S.Ct. at 736.

■ It is true that in the *Jones* case the informant's story was corroborated by other sources of information, and in United States v. Ramirez, 279 F.2d 712, 715 (2d Cir.), cert. denied, 364 U.S. 850, 81 S.Ct. 95, 5 L.Ed.2d 74 (1960) it was suggested that "*Jones* may require that the affidavit include some factual information independently corroborative of the hearsay report." We believe, however, that United States v. Ventresca, supra, Aguilar v. State of Texas, supra and Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964), establish that such corroboration is not required where the affiant attests to the previous reliability of the informant.

In Aguilar v. State of Texas, supra, the holding that a hearsay statement supported by the conclusory allegation that "[a]ffiants have received reliable information from a credible person and do believe * * *" was insufficient, did not rest on the absence of extrinsic corroboration. The Court said:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257 [80 S.Ct. 725], the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and *some of the underlying circumstances from which the officer concluded that the informant,* whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528 [84 S.Ct. 825, 11 L.Ed.2d 887], was 'credible' or his information 'reliable.'" (Emphasis added.) Aguilar v. Texas, supra, 378 U.S. at 114, 84 S.Ct. at 1514.

Unlike *Aguilar,* where the mere recitation that the unidentified informant was a "credible person" provided no basis on which to judge his reliability, in the present case "some of the underlying circumstances" from which Benjamin had concluded that the informant was credible, were given. The attestation to the informant's "previous reliability" presents a "firmer foundation for belief than the 'totally innocuous' corroborating details sometimes cited as makeweights." United States v. Salgado, 347 F.2d 216, 217 (2d Cir.), cert. denied, 382 U.S. 870, 86 S.Ct. 146, 15 L.Ed.2d 109 (1965).

In Rugendorf v. United States, supra, the Supreme Court sustained an affidavit, by an agent of the Federal Bureau of Investigation, resting on statements by informants who had "furnished reliable information * * * in the past." Although the affidavit pointed to independent evidence to support the informant's statements, the Court did not question the adequacy of the statement of reliability and concluded that there was a "substantial basis" for crediting the hearsay. Id. 376 U.S. at 533, 84 S.Ct. at 828.

In United States v. Ventresca, supra, 380 U.S. at 109, 85 S.Ct. at 746, the Supreme Court held:

"[W]here these circumstances are detailed, *where reason for crediting the source of the information is given,* and when a magistrate has found probable cause, *the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner.* Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. Jones v. United States, supra, [362 U.S.] at 270 [80 S.Ct., at 735]." (Emphasis added.)

■ Under these standards we consider the affidavit in this case to be sufficient to support the issuance of a search warrant, although the case would have been much clearer had the length of time that Agent Benjamin had known and dealt with the informant, the number of times information had been received from the informant, and a statement as to the accuracy of such information, been presented to the Commissioner.[4]

■ Appellant also complains that the trial judge refused to conduct a *voir dire* as to the circumstances of a post-arrest admission. Judge Tenney was sitting without a jury and could properly defer inquiry into the circumstances surrounding the admission until cross-examination. Appellant made no attempt on cross-examination to explore these circumstances, and, therefore, waived his right to do so.

In view of our disposition of the case, we need not pass upon other points raised by the government.

The court wishes to express to Theodore Krieger, Esq., its gratitude for his conscientious and able handling of this case.

Affirmed.

---

4. A defendant may be able to challenge the veracity of recitals of "previous reliability" by a motion to suppress pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. See Rugendorf v. United States, 376 U.S. 528, 532, 84 S.Ct. 825, 828, 11 L.Ed.2d 887 (1964) ("assuming, for the purpose of this decision, that such attack may be made") ; King v. United States, 282 F.2d 398, 400 (4th Cir. 1960) ; United States v. Pearce, 275 F.2d 318 (7th Cir. 1960). But see Kenney v. United States, 81 U.S.App.D.C. 259, 157 F.2d 442 (1946). Such a procedure would diminish the danger of a warrant issuing on an officer's good faith misjudgment as to the reliability of an informant, as well as dangers of police laxity or bad faith. The temptation for officers to include unjustified recitals of informants' reliability would be reduced.