**Willie ROSS with Alias, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39711.

Court of Criminal Appeals of Texas.

June 8, 1966.

Rehearing Denied Oct. 12, 1966.

Marvin O. Teague (On Appeal Only), Houston, for appellant.

Carol S. Vance, Dist. Atty., Edward B. McDonough, Jr., and Joe C. Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery with a prior conviction for burglary with intent to commit theft alleged for enhancement; the punishment, life.

Trial was begun on December 5, and judgment was rendered on December 6, 1965. The order overruling appellant's motion for new trial in which notice of appeal was noted was dated January 28, 1966. Appellant did not comply with Sec. 9 of Art. 40.09, Vernon's Ann.C.C.P. (1965) in that he did not file his brief in the trial court pointing out the grounds of error of which he desired to complain on appeal.

We have concluded that the following questions raised in his brief filed in this Court should be considered as unassigned error under Sec. 13 of Art. 40.09, supra (1965) because of the above sequence of events.

He claims that the prior conviction alleged for enhancement was void because it assessed his punishment at not less than two years nor more than three years. No sentence in said cause accompanies the record before us.

We have concluded that the holding of this Court in Ex parte Wingfield, 162 Tex.Cr.R. 112, 282 S.W.2d 219, wherein this Court distinguished the majority of the cases relied upon by appellant is directly in point and authorizes the overruling of appellant's contention.

Appellant next contends that he was deprived of due process because the indictment which was read to the jury contained reference to the prior conviction and proof was adduced as to the same. As stated, trial was had in this cause on December 5, 1965, and until the United States Supreme Court holds to the contrary, we abide by our decision in Taylor v. State, 398 S.W.2d 559, and the cases there cited, in all cases which were tried prior to the

effective date of the 1965 Code of Criminal Procedure.

We have reviewed the record in its entirety and have concluded that the other contentions attempted to be raised in this Court on appeal do not merit discussion.

Finding no reversible error, the judgment is affirmed.