**James Arthur COLUMBUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39779.

Court of Criminal Appeals of Texas.

Nov. 9, 1966.

Rehearing Denied Dec. 31, 1966.

William J. Gillespie (On Appeal Only), Jack McClendon (On Appeal Only), Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., J. Blair Cherry, Jr., Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Presiding Judge.

The offense is burglary with two prior non-capital convictions alleged for enhancement; the punishment, life.

Notice of appeal was given on March 10, 1966.

The record was not prepared in compliance with Article 40.09, V.A.C.C.P., but we will consider as unassigned error the questions raised by counsel on appeal in argument and by brief. Ross v. State, Tex. Cr.App., 406 S.W.2d 464.

He first contends that the court erred in permitting the prosecutor to cross examine appellant concerning prior felony

and misdemeanor theft convictions. The trial court had granted appellant's motion in limine instructing the prosecutor to refrain from asking any witnesses about prior felony convictions upon the offer of appellant to stipulate that he was the same person who had been convicted in the prior convictions alleged for enhancement.

This question was decided adversely to appellant by this Court in Crocker v. State, Tex.Cr.App., 385 S.W.2d 392, wherein we said:

"This rule, of course, does not prevent the State from questioning the accused about such prior convictions in the event he elects to testify in his own behalf, but in such event, proof of such prior convictions would be admissible only as they might tend to affect his credibility as a witness."

The fact that the trial court may have granted appellant's motion in limine in which it was alleged that the prior convictions were too remote would not affect the ruling of this Court in passing upon the correctness of his ruling under Crocker, supra. Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455; 5 Tex.Jur.2d; p. 606, sec. 402.

The fact that appellant answered in the negative the question, "As a matter of fact you're a pretty upstanding citizen, are you not?" would not alter the rule expressed above.

Appellant next complains that the court erred in admitting socks in evidence, because the proper chain of custody had not been shown. The socks were, according to the officers, on appellant's hands at the time he was apprehended in the burglarized premises. The officer who recovered the socks positively identified them as the ones offered in evidence. The incriminating fact was that appellant was detected with socks on his hands inside a building which had been burglarized. The identity of the socks themselves was immaterial.

We find no evidence to support appellant's claim that his court appointed trial counsel was incompetent. A careful review of this record indicates that he conducted appellant's defense with vigor and ability.

Finding no reversible error, the judgment is affirmed.