**Adiel F. GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39873.**

Court of Criminal Appeals of Texas.

Nov. 16, 1966.

Rehearing Denied Dec. 31, 1966.

Second Rehearing Denied Feb. 1, 1967.

John J. Browne, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Presiding Judge.

The offense is possession of heroin with two non-capital felony convictions alleged for enhancement; the punishment, life.

In order to properly appraise appellant's grounds of error presented in his brief, we will briefly summarize the facts. Narcotic police officers armed with a search warrant appeared at appellant's apartment, announced their identity and purpose, and when the occupants of the apartment "panicked" and began to run around inside the apartment, entry was forced. As they entered appellant told a woman occupant to pick up the heroin from the table. She ran from the bathroom, picked up a cellophane

package from the table and ran toward the back door where she was intercepted by other officers who were entering through that door. When they demanded to know if she had anything, she reached in the pocket of her blouse or pajama top and handed the cellophane package to one of the officers. At this juncture appellant spoke to the officers and stated "that the heroin was his and that his wife did not know what she picked up and nobody else in the house knew what was in the package."

The chain of custody was proven as adequately as was done in Ray v. State, 170 Tex.Cr.R. 640, 343 S.W.2d 259, and we find the same sufficient. The capsules contained in the cellophane package were shown to contain heroin.

Appellant did not testify in his own behalf.

After the jury found appellant guilty of the primary offense, he elected to have the Court set the punishment. Appellant's identity and the successiveness of the prior convictions were established by the testimony of J. C. Roberts in person and by a fingerprint expert and by careful questioning by the trial judge.

We shall discuss the contentions advanced by appellant. He first alleges that the affidavit for the search warrant was insufficient to establish probable cause. The affidavit is identical, except for names, date and addresses, to the affidavit set forth in our opinion in Acosta v. State, Tex.Cr.App., 403 S.W.2d 434. Appellant contends that we were in error in Acosta and cites as authority Riggan v. Virginia, 384 U.S. 152, 86 S.Ct. 1378, 16 L.Ed.2d 431. The affidavit is set forth in haec verba in Riggan v. Commonwealth, 206 Va. 499, 144 S.E.2d 298, and is as follows:

"The material facts constituting probable cause for issuance of the warrant. ——— Personal observation of the premises and information from sources believed by the police department to be reliable. ———"

■ A comparison of the affidavit in Acosta, which will not be again set forth in this opinion, with the Riggan affidavit demonstrates that the Acosta affidavit clearly states probable cause, while there is room for a difference of opinion as to the sufficiency of the Riggan affidavit.

Appellant also relies on the opinion of the United States Court of Appeals, D.C.Circuit in Perry v. United States, 118 U.S.App.D.C. 360, 336 F.2d 748. It would appear from the more recent case of United States v. Freeman, 358 F.2d 459, from the Second Circuit Court of Appeals that there is a conflict among the circuits, and we adhere to our holding in Acosta until the Supreme Court of the United States settles the conflict.

■ In order to properly discuss appellant's next contention it is necessary to note that while testifying concerning their activities prior to making application for the search warrant the officers stated that they had kept appellant's apartment under surveillance for a period of two and one-half hours and that during such time five known narcotic users entered appellant's apartment, stayed a few minutes and left. In his brief appellant says, "In this point under discussion, we are confining our argument and authorities to the rules of evidence which are concerned with the proof of extraneous crimes by the defendant or others."

■ The State takes the position, and we agree, that such evidence does not constitute proof of extraneous crimes. This Court has held in Salas v. State, 365 S.W.2d 174, in compliance with the holding of the Supreme Court of the United States in Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758, that narcotic addiction is not in itself a crime.

Appellant next contends that one of the prior convictions alleged for enhancement was void. We do not agree and adhere to our holding in Ex parte Wingfield, 162 Tex. Cr.R. 112, 282 S.W.2d 219, and the recent

opinion in Ross v. State, Tex.Cr.App., 406 S.W.2d 464.

■ He next contends that the proper sequence of conviction, release and reconviction was not proven. It was developed from the testimony of J. C. Roberts that appellant was released from the Department of Corrections on the Grayson County conviction alleged on March 16, 1954. Officer Westfall testified that he arrested appellant on March 23, 1956, "for burglary on that day", and that he was later convicted in the Dallas County case also alleged for enhancement. This proof was ample.

■ Appellant next contends that the court erred in permitting Officer Garcia to testify that on the day of the search he had a conversation with someone concerning the appellant. The trial court permitted the question, but instructed the witness not to relate "what the conversation was." We do not agree with appellant that such testimony constituted hearsay evidence or that error was reflected by the court's ruling.

■ His last contention was that the oral confession of appellant was not admissible. It was made within seconds after the officers entered the apartment and was clearly admissible under the res gestae exception.

Finding no reversible error appearing, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant again urges that the affidavit for issuance of the search warrant was insufficient to establish probable cause.

Our opinion in Acosta v. State, Tex.Cr. App., 403 S.W.2d 434, supports our holding to the contrary and we are not disposed to overrule it.

He re-urges the contention that the testimony concerning narcotic users entering appellant's apartment was inadmissible because it tended to prove extraneous offenses.

We agree that Salas v. State, Tex.Cr. App., 365 S.W.2d 174, holding that narcotic addiction is not in itself a crime, is not authority for holding that the evidence mentioned does not constitute proof of extraneous crimes.

■ Appellant argues that without regard to whether those entering and leaving his apartment were addicts or merely users, the evidence was inadmissible because it showed or tended to show the sale of narcotics.

■ Even so, proof of the purpose for which the narcotics were possessed was admissible. The rule against admitting evidence of other crimes by the accused is inapplicable if such evidence logically tends to show his guilt of the crime charged, and is not too remote.

Appellant's remaining contention is that Madeley v. State, Tex.Cr.App., 388 S.W.2d 187, rather than Ex parte Wingfield, 162 Tex.Cr.R. 112, 282 S.W.2d 219, and Ross v. State, Tex.Cr.App., 406 S.W.2d 464, is controlling and that one of the prior convictions alleged for enhancement of his punishment was void because no definite punishment was assessed.

While we remain convinced of the correctness of our original holding, there is another reason why appellant's contention relating to the prior conviction alleged for enhancement presents no ground for reversal of his conviction for possession of heroin.

This case was tried under the 1965 Code of Criminal Procedure on a plea of not guilty. The question of guilt or innocence of appellant was first submitted to the jury, as provided in Art. 37.07(2), Vernon's Ann. C.C.P. On return of a verdict of guilty, the appellant did not request that the punishment be assessed by the jury but chose to have the trial judge do so.

The conviction was under Art. 725b, Sec. 2(a), Vernon's Ann.P.C., under which the authorized punishment set out in Section 23 of that Article is confinement "for not less than two (2) years nor more than life". The judge was therefore authorized to assess life imprisonment with or without the use of the prior convictions for enhancement purposes.

Appellant's motion for rehearing is overruled.