**UNITED STATES of America**

v.

**David ROTH, Defendant.**

**No. 67 Cr. 883.**

United States District Court
S. D. New York.

Jan. 26, 1968.

------◆------

Robert M. Morgenthau, U. S. Atty., for the United States, Richard A. Givens, Asst. U. S. Atty., of counsel.

Barry Ivan Slotnick, New York City, for defendant.

WYATT, District Judge.

This is a motion for defendant Roth for an order "controverting the search warrants issued herein", declaring illegal, etc. the searches and seizures made, returning the property seized, and precluding its use as evidence. Presumably the motion is made under Fed.R.Crim.P. 41(e).

It appears that movant Roth is "executive director" of a corporation (under what laws incorporated does not appear) called Social Security Foundation of the Philippines New York Branch, Inc. ("Branch"). The offices of Branch have been at 37 West 39th Street in New York County.

A postal inspector, Palmer, was investigating complaints by manufacturers that goods had been obtained from them by Branch on representations that Branch was a charitable enterprise and that the goods would be used for charitable purposes in the Philippines.

On or about October 2, 1967, Palmer interviewed movant Roth in the office used by Roth at the offices of Branch at 37 West 39th Street. According to Roth, Palmer represented himself to be on a routine interview normal as to charitable foundations; he did not tell Roth that he was "conducting a criminal investigation" and Roth was not "cautioned" by him, apparently as to counsel, privilege against self-incrimination and the like.

On October 23, 1967 Palmer swore to two affidavits before Commissioner Bishopp, applying for two search warrants. On the basis of these affidavits, the Commissioner on the same day issued two search warrants. One warrant (Case No. 18466) directed a search of the offices of Branch at 37 West 39th Street for "files pertaining to solicitation and distribution to contributions and proceeds by Branch" which were stated to be "intended for use and have been used as the means of committing criminal offenses", namely, violations of 18 U.S.C. § 1341 (mail fraud). The other warrant (Case No. 18465) directed a search of the first and second floors of The State Warehouse Co., Inc., at 621 West 27th Street in New York County for "merchandise" of Branch "packed in cartons, including medicinal, drug and cosmetic products manufactured by Colgate Palmolive Company, American Home Products Corp., Conal Pharmaceuticals, Inc., Merck, Sharpe & Dohme, Inc. and others" which were stated to be "intended for use and have been used as the means of committing criminal offenses" of the same kind as in the other warrant.

On the same day, October 23, 1967, an indictment was returned charging Roth in 11 counts with mail fraud. The scheme alleged was one to pretend falsely that Branch was a charity which distributed donated merchandise for charitable purposes in the Philippines.

A bench warrant was issued and its return shows that Roth was arrested on October 24. One of the moving affidavits states that the search warrant for the offices at 37 West 39th Street was executed at the same time that Roth was arrested there. The return (made on October 25) shows that the search was made on October 24 at 11 a. m. The inventory shows the property taken under the warrant; while Roth speaks in his affidavit of "personal and private records" having been taken, he is no more specific than this and the Marshal's inventory shows that the papers taken must have been those of Branch only.

The return (made on November 2) of the warrant directed to the warehouse premises at 621 West 27th Street shows

that the search was made on October 24 at 3 p. m. The inventory shows on ten pages the number of different cartons seized, their general contents, who made the contents, and in most instances the package numbers or lot numbers.

■■ Any objection by Roth to the warehouse warrant or search may be quickly put aside. A motion to suppress may only be made by a "person aggrieved by an unlawful search and seizure". Ordinarily, a person moving to suppress must show that he had some interest in the premises searched or in the property seized. True, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) relaxed the ordinary rules where the prosecution is based on possession of narcotics, contraband; even there, however, the ability of Jones to make the motion was based on his having been "legitimately on premises where a search occurs" (362 U.S. at 267, 80 S.Ct. at 734).

■■ The relaxation of *Jones* has not been extended beyond contraband cases; the opinion in *Jones* specifically recognized that "ordinarily" there must be a preliminary showing by movant "of an interest in the premises searched or the property seized" (362 U.S. at 263, 80 S.Ct. at 732). Roth shows no interest in the warehouse premises searched or the property seized there; he has no standing to question that search.

As to the search at 37 West 39th Street, it will be assumed that Roth has standing to move. Roth claims that the warrant for this search was invalid (a) because based in part on "tainted evidence" (the statements of Roth made to Palmer on October 2 when he had not been "cautioned") and (b) because "there was not probable cause for believing the existence of the grounds on which the warrant was issued" (Fed.R. Crim.P. 41(e) (4)).

■ Roth was not in custody on October 2 and was in no way "compelled" to make any statements, incriminating or otherwise. There is no conceivable basis for applying Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Assuming the facts as to Palmer's October 2 visit to be as claimed for movant, nothing was done which violated any rights of Roth. The postal inspector identified himself as such; there is nothing in Berger v. State of New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967) which "required" him to give "notice of his intention to * * * search for criminal violation and evidence".

■ As for the sufficiency of the Palmer affidavit to show "probable cause", a careful reading of that affidavit can only lead to the conclusion that the Commissioner was properly satisfied that "grounds for the application" existed or that there was "probable cause to believe" that they existed. Except as to the merchandise in the warehouse (as to which Roth in any event could not object), the averments in the affidavit were on the personal knowledge of Palmer and set forth the elements of a criminal offense. Even as to the merchandise in the warehouse, Palmer swore that his information as to this came from an informant "who has given reliable information in the past". It has been held by our Court of Appeals that to describe an informant as "of previous reliability" is sufficient. United States v. Freeman, 2 Cir., 358 F.2d 459 (1966). Nothing is shown in the moving papers to cast any doubt on the reliability of the informant.

The movant appears to be under the impression that on mere demand a hearing must be held at which an attack may be made on the veracity of the statements in the affidavit in support of the application for a search warrant. This is an error, shown by the careful discussion of Judge Frankel in United States v. Halsey, 257 F.Supp. 1002 (S.D.N.Y. 1966).

It is at least doubtful whether any showing on a motion to suppress would ever enable a defendant to attack the averments in an affidavit submitted to obtain a search warrant. See Rugendorf v. United States, 376 U.S. 528, 531–532, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964);

United States v. Suarez, 2 Cir., 380 F.2d 713 (1967); United States v. Freeman, above cited, 358 F.2d at 463 fn. 4; United States v. Halsey, above. I for one believe that the decision will be against permitting auy such attack, which could invalidate a search warrant, not on any defect of judgment by the magistrate but by reason of matters unknown to the magistrate. In any event, there is no showing for movant here which would justify any hearing as to the accuracy of the Palmer affidavit.

The motion of Roth to suppress is denied.

So ordered.