UNITED STATES ex rel. Alfred
SCHNITZLER, Petitioner,

v.

Harold W. FOLLETTE, Warden of Green
Haven Prison, Stormville, N. Y.,
Respondent.

No. 68–Civ. 3089.

United States District Court
S. D. New York.

Sept. 11, 1968.

Alfred Schnitzler, pro se.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, for respondent by Michael H. Rauch, Asst. Atty. Gen., of counsel.

## MEMORANDUM

CROAKE, District Judge.

This is a pro se application for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241.

Petitioner, Alfred Schnitzler, is presently incarcerated in Green Haven Prison pursuant to a 5 to 15 year sentence imposed on January 8, 1965 for the crime of felonious possession of narcotics with intent to sell.

He alleges that his conviction was effected by an invalid search warrant and is therefore unconstitutional.

A prior writ application raising the same contention was granted by another judge of this court. United States ex rel. Schnitzler v. Follette, 267 F.Supp. 337 (S.D.N.Y.1967). However, the court of appeals in a 2 to 1 decision reversed that determination. United States ex rel. Schnitzler v. Follette, 379 F.2d 846 (2d Cir. 1967). Petitioner did not apply for writ of certiorari to the United States Supreme Court.

Notwithstanding the prior proceedings and after careful examination of the record, we are constrained to determine the merits of the question presented. Title 28 U.S.C. § 2244(b).

A brief summary of the proceedings will facilitate a disposition of the issues of law raised herein.

The search warrant under consideration was signed by Judge Glowa of the Criminal Court of the City of New York, County of Kings, on the basis of an affidavit submitted by Detective D'Arpe. The affidavit in substance stated that a confidential informant was present when a sizable quantity of marijuana was delivered to Schnitzler's home, it provided

applicant's address and physical description, informant's belief that Schnitzler deals in large quantities of marijuana and narcotics, and an averment by affiant that, based on his personal knowledge, the information is reliable. D'Arpe orally affirmed, but did not support, his belief in the informant's reliability, and without connection to the warrant, stated that an arrest in the case had been made.

The district court, in granting the petition, recognized that hearsay may be the basis for issuance of a search warrant but concluded that affiant failed to provide sufficient collateral support for such evidence, and that the omission invalidated the conviction.

In reversing the order, the court of appeals acknowledged the defect in the affidavit but found its cure, and the prerequisite probable cause, in the statement by D'Arpe that an arrest had been made. The dissent took issue with this reasoning and, in support of the district court decision, cited portions of the state record indicating that the arrest statement was not determinative, and that the warrant was issued solely in reliance of the affidavit.

■ Without "interpreting the affidavit in a hypertechnical, rather than a commonsense, manner," United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965), we must determine if the basis for crediting the hearsay was so unsubstantial as to permit a conclusion that the judge who issued the warrant acted improperly, Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

■■ Prior to issuing a search warrant, a magistrate must form an independent determination of the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept mere conclusions. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); United States v. Ventresca, supra. And, where an affidavit is based on hearsay, the judge must be "informed of some of the underlying circumstances" support-

ing the affiant's resolutions. Aguilar v. State of Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964).

■ The necessary validation of an informant's hearsay evidence may be provided in a number of ways. United States v. Bozza, 365 F.2d 206 (2d Cir. 1966). For example, affiant may vouch for an informant's previous reliability, United States v. Perry, 380 F.2d 356 (2d Cir.) cert. denied, 389 U.S. 943, 88 S.Ct. 307, 19 L.Ed.2d 299 (1967); and/or by self-supporting information supplied by affiant's fellow officers engaged in a common investigation, United States v. Desist, 384 F.2d 889 (2d Cir. 1967), hearsay obtained from different sources, some of which were identified, is mutually corroborative, United States v. Pascente, 387 F.2d 923 (7th Cir. 1967), and the informant's testimony is shown to correspond to affiant's information about the crime, United States v. Wood, 270 F.Supp. 963 (S.D.N.Y.1967).

■ An element common to each of these situations is that, unlike this proceeding, the hearsay evidence is bolstered by a correlative factor. As indicated, Judge Glowa did not consider the arrest information in determining probable cause, and, contrary to his conclusion, the affidavit was not sufficient on its face to legalize the warrant. Aguilar v. State of Texas, supra; United States v. Freeman, 358 F.2d 459, 462 (2d Cir.), cert. denied, 385 U.S. 882, 87 S.Ct. 168, 17 L.Ed.2d 109 (1966). In addition, it is noted that until the execution of the warrant D'Arpe had no personal knowledge that petitioner had marijuana in his apartment.

Even if we assume that Judge Glowa did weigh the prior arrest in determining probable cause, we must conclude that he erred in issuing the warrant.

As indicated above, affiant did not attempt to establish a connection between the arrest and the petitioner, the informant or the information given. Nevertheless, the majority of the court of appeals urges that "we should construe the officer's statement as meaning in effect: 'There is a basis for believing

the information because an arrest has already been made, thereby proving that the information he supplied is reliable.' "

We are compelled to disagree, and find support for our determination in United States v. Freeman, supra, and Aguilar v. State of Texas, supra. In *Freeman*, 358 F.2d at page 462 the Second Circuit, speaking through Judge Hays, recognized that an affidavit, and the officer's oral support thereof, must present "facts on which a finding of probable cause can *reasonably* be predicated." (Emphasis added.) And, after validating attestations of informant's "previous reliability," as opposed to mere assurances that he is a "credible person," the *Freeman* Court indicated the necessity of establishing a minimum standard for proof of dependability: " * * * [In order to] diminish the danger of a warrant issuing on an officer's good faith misjudgment as to the reliability of an informant, as well as dangers of police laxity or bad faith," at page 463 n. 4, an affidavit based on informant's previous reliability should be further supported by a statement detailing the extent of his prior assistance. Clearly, without the decision in *Aguilar*, the *Freeman* Court would not permit an inference of trustworthiness from an averment of mere credibility.

The implication adopted in denial of Schnitzler's prior application is equally untenable. Not only was there a failure to relate the arrest and search warrant, but the decision also appears to be contrary to the Court's reasoning in *Freeman*: That we must safeguard against police officers' erroneous certification of hearsay declarations.

■■ We believe that the Supreme Court's dictum in *Aguilar* further reinforces our decision. In considering the validity of an affidavit similar to the one presently before us, the Court indicated that if, in addition to the affidavit, police had kept petitioner's house under surveillance and "the fact *and result* of such a surveillance had been appropriately presented to the magistrate" the warrant would not have been nullified (emphasis added). Aguilar v. State of Texas,

supra, 378 U.S. at 109 n. 1, 84 S.Ct. at 1511. It seems, therefore, that the fact of surveillance, without an indication of its results, would not sufficiently support the affidavit. Similarly, the fact of a prior arrest does not adequately corroborate the hearsay without first establishing its relationship to the informant, the information or the petitioner.

For the foregoing reasons, the search warrant was not validly issued and the resultant seizure of marijuana in petitioner's apartment was unlawful. Accordingly, the within petition for writ of habeas corpus is granted, and applicant is ordered discharged from custody under the present judgment of conviction. Opportunity will be afforded to either appeal from this grant of the writ or to retry petitioner if that procedure is deemed advisable. Therefore, execution of the writ will be stayed for a period of thirty days. At the end of that period of time, if there has neither been an appeal taken from this ruling nor an initiation of proceedings looking to petitioner's retrial, the writ will be executed and he will be released.

So ordered.