**Cruz G. GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43126.**

Court of Criminal Appeals of Texas.

Oct. 28, 1970.

Rehearing Denied Dec. 9, 1970.

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James A. Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for the possession of heroin; the punishment was assessed at ten years. The trial was on a plea of not guilty before the court.

It is alleged in the indictment that the appellant possessed heroin on or about January 9, 1968. The record reflects by stipulation in writing, signed by appellant, his attorney and the prosecutor, and approved by the judge that officers, while executing a search warrant, took forty-three packages of heroin from appellant.

Appellant presents two grounds of error, both contending that the affidavit supporting the search warrant does not show facts constituting probable cause, and therefore, does not comply with Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

Assuming that the grounds of error are properly before the Court, his complaint will be discussed.

The affidavit supporting the warrant, dated January 9, 1968, described the property to be searched as a garage apartment occupied by Cruz Garcia and persons unknown at 1015 Brooks Street in Houston; and recited, among other things, that the affiants had reason to believe and did believe that Cruz Garcia had in his possession narcotic drugs for the purpose of sale.

The recitation of the facts to show probable cause in the affidavit is as follows:

"On January 6, 1968, affiants received information from a reliable person, the information being that Cruz Garcia, a Latin American male, is living at 1015 Brooks Street, in the City of Houston, Harris County, Texas, and that Cruz Garcia has Heroin in his possession for the purpose of sale and use. Affiants believing the information to be true, since the informer has furnished affiants with information on two previous occasions and on both occasions the information furnished proved to be true. Furthermore on October 9, 1967, Cruz Garcia, was arrested at 1417 Alamo Street, Houston, Texas, and charged with possession of Heroin, and is presently out on bond, on that charge. Affiants went to 1015 Brooks Street, and set up surveillance this date 1-6-68, between the hours of 12:50 PM and 2:40 PM. At 1:35 PM, a Latin American male, recognized by officers as a known narcotic user, walked up to the door, knocked, went inside where he remained until 2:05 PM.

"A surveillance was again set up on January 8, 1968, between the hours of 3:25 PM and 4:40 PM. At 4:10 PM a known user of Heroin walked up and knocked on the door, the door was answered and opened approximately six inches and there appeared to be something exchanged through the door opening. The user then put his hands in his pockets and turned and walked off.

"On January 9, 1968, surveillance was resumed at 1015 Brooks Street between 9:35 AM and 11:20 AM. At 10:45 AM a Latin American male who is a known user of Heroin, walked up to the door and knocked and entered, remained until 11:10 AM, at which time he left on foot."

We hold the affidavit is sufficient to show probable cause for the issuance of the search warrant. The affidavit in the present case is stronger than those set out in Acosta v. State, Tex.Cr.App., 403 S.W.2d 434, and Gonzales v. State, Tex.Cr.App., 410 S.W.2d 435, both of which were held sufficient to show probable cause by this Court and by the United States Court of Appeals for the Fifth Circuit in Gonzales v. Beto and Acosta v. Beto, 425 F.2d 963 (1970). For further discussion of the sufficiency of a similar affidavit, see also Garza v. State, Tex.Cr.App., 456 S.W.2d 374.

No error is shown; the judgment is affirmed.