Chief Judge Desmond.
Answering the only substantial question on this appeal, we hold that the Criminal Court Judge, when he issued the search warrant, had before him probable cause for such issuance in that he had “ reasonable ground of suspicion supported by facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated on the premises to be searched ” (People v. Marshall, 13 N Y 2d 28, 34; see Brinegar v. United States, 338 U. S. 160, 175). The Supreme Court in United States v. Ventresca (380 U. S. 102, 108-109) said that probable cause cannot be made out by merely stating the belief of an affiant or an informer that probable cause exists without detailing the underlying circumstances upon which that belief is based. But the court went on (p. 109) to say this: “ However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hyper technical, rather' than a commonsense, manner.” The Supreme Court in Ventresca indicated the proper approach to decision here when it wrote: *460 ‘ ‘ the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.” In the same vein the Supreme Court had earlier said in Brinegar (supra, p. 175) that “ probable cause ” refers to probabilities and that these are not technical but “ the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.” We adopted and followed these Ventresca holdings in People v. Rogers (15 N Y 2d 422).
To the warrant-issuing Criminal Court Judge in our case there was handed, by a police detective, the detective’s affidavit which stated that a confidential informer had told the officer that defendant Alfred Schnitzler was a seller of marijuana in large quantities. The affidavit alleged also that the informer had told the detective that the informer was present when a quantity of marijuana believed to be in excess of 50 pounds had been delivered to defendant Schnitzler’s apartment. The affidavit contained not only the name of the alleged possessor but a close physical description of defendant Schnitzler and the address of Schnitzler’s apartment. Besides all this the officer testified at a habeas corpus hearing that the issuing Judge before signing the warrant had aslced the officer whether the informer was reliable. The detective answered that he was reliable.
Hearsay evidence is admissible on the issue of probable cause (People v. Loria, 10 N Y 2d 368, 374, and the Federal cases there cited) so this is no ground for a holding of inadequacy of this affidavit. The showing in the affidavit that defendant Schnitzler was a seller of marijuana in large quantities and that deliveries thereof had been made to his apartment would warrant a “ cautious man ” in believing that the law was being violated in Schnitzler’s apartment. The only reasonable objection to this affidavit would come from the absence of a statement as to the informer’s reliability, but this information was given by the officer to the Judge before the warrant was issued. Thus was supplied one of the criteria of substantiation, set forth by our cases, for testing an informer’s reliability (see People v. Coffey, 12 N Y 2d 443, 452; People v. Santiago, 13 N Y 2d 326, 332).
On this matter of informers we must remember that in both the Coffey case (supra) and People v. Malinsky (15 N Y 2d 86) *461 the names of the informers were never divulged. Here the name was disclosed to the defense at the suppression hearing. In Malinsky (supra, p. 91) we again stated as we previously stated in Coffey that reasonable cause may he provided by communications from an informer so long as that information is substantiated either by the informer’s character and reputation or by separate objective checking of the informer’s tale.
Section 794 of the Code of .Criminal Procedure authorizes the Judge, before issuing a^ warrant, to examine on oath the person seeking the warrant. When the Judge is not ‘ ‘ satisfied of the existence of sufficient grounds for granting the application ’ ’ (Code Crim. Pro., § 796) and obtains additional proof from the applicant under section 794, the Judge should see to it that such additional information is recorded by the redrafting of the affidavit or by setting out such additional information in the Judge’s own minutes or his clerk’s minutes or by a stenographic record.
The warrant and search should be held valid and the judgment of conviction affirmed.