**UNITED STATES ex rel. Alfred SCHNITZLER, Petitioner-Appellee,**

v.

**Harold W. FOLLETTE, Warden of Green Haven State Prison, Stormville, New York, Respondent-Appellant.**

**No. 512, Docket 31399.**

United States Court of Appeals Second Circuit.

Argued June 14, 1967.

Decided July 14, 1967.

Aaron J. Jaffe, New York City, for appellee.

Michael Rauch, Asst. Atty. Gen., (Louis J. Lefkowitz, Atty. Gen., of State of New York, Samuel A. Hirshowitz,

First Asst. Atty. Gen., on the brief), for appellant.

Before HAYS and FEINBERG, Circuit Judges, and McLEAN, District Judge.*

HAYS, Circuit Judge:

This is an appeal from an order of the district court granting petitioner a writ of habeas corpus and ordering his discharge from custody unless, within thirty days, steps are taken to retry him.

Petitioner is serving a sentence of five to fifteen years in the Green Haven State Prison upon conviction in the New York State Supreme Court, Queens County, of a charge of felonious possession of narcotics with intent to sell. The judgment of conviction was unanimously affirmed without opinion by the Appellate Division, Second Department, People v. Schnitzler, 26 A.D.2d 773, 272 N.Y.S.2d 745 (1966). The New York Court of Appeals affirmed the conviction by a vote of four to three, 18 N.Y.2d 457, 276 N.Y.S.2d 616, 223 N.E.2d 28 (1966).

The district court granted a writ of habeas corpus on the ground that there was an insufficient showing of probable cause for the issuance of a search warrant and, therefore, the seizure of a quantity of marijuana after a search of petitioner's premises based on the warrant, and the introduction in evidence at petitioner's trial of the seized marijuana, invaded petitioner's Fourth Amendment rights.

We reverse the determination of the district court because we believe that the showing of probable cause for the issuance of the warrant was adequate.

The affidavit on the basis of which the search warrant issued read as follows:

"1. I am a Detective City of New York, Narcotics Bureau.

2. I have information based upon a confidential informant that one M/W/34 years of age, and named Albert Schnitzler who resides at 62–60 Woodhaven Blvd. New York.

Informant tells me that Albert Schnitzler is a male, white, 34 years of age, and is approximately 6', 180 lbs. with light hair and blue eyes and resides at the aforementioned address, and says that he is a seller of Narcotics and Marijuana in large quantities. Informant further stated that he was present when a delivery of marijuana was made to 62–60 Woodhaven Blvd. and believes that it was in excess of 50 lbs.

Informant believes an immediate search of premises 62–60 Woodhaven Blvd., occupied by Albert Schnitzler, should be made since Albert Schnitzler deals narcotics and marijuana in large quantities only, and can dispose of the aforementioned shipment in a short time.

3. Based upon the foregoing reliable information and upon my personal knowledge there is probable cause to believe that such property namely Narcotics and Marijuana and may be found in the possession of Albert Schnitzler or at premises 62–60 Woodhaven Blvd.

Wherefore, I respectfully request that the court issue a warrant and order of seizure, in the form annexed, authorizing the search of Albert Schnitzler and person of Albert Schnitzler and premises of 62–60 Woodhaven Blvd. occupied person named herein and directing that if such property or evidence or any part thereof be found that it be seized and brought before the court; together with such other and further relief that the court may deem proper.

No previous application in this matter has been made in this or any other court or to any other judge, justice or magistrate."

The judge who issued the warrant testified at a hearing on the motion to suppress the seized evidence that at the time of the application for the warrant he questioned the affiant and was told

---

* Of the Southern District of New York, sitting by designation.

not only that the informant was reliable but that an arrest had already been made in the case.

"[T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. Jones v. United States, supra [362 U.S. 257] at 270 [80 S.Ct. 725, 4 L.Ed.2d 697]." United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

"In close cases such as the present one the very fact that the Commissioner found probable cause is itself a substantial factor tending to uphold the validity of the warrant he issued." United States v. Ramirez, 279 F.2d 712, 716 (2d Cir.), cert. denied, 364 U.S. 850, 81 S.Ct. 95, 5 L.Ed.2d 74 (1960).

Here the affidavit is clearly sufficient but for the failure of the affiant to state the basis for his belief in the informant's reliability. We believe that defect was cured in the present case by affiant's statement to the issuing judge that an arrest had already been made.

 We are instructed by the Supreme Court that the requirements of probable cause are based upon "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act," Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949), and that "when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." United States v. Ventresca, supra, 380 U.S. at 109, 85 S.Ct. at 746. See also United States v. Freeman, 358 F.2d 459 (2d Cir.), cert. denied, 385 U.S. 882, 87 S.Ct. 168, 17 L.Ed.2d 109 (1966).

If, in the present case, we eschew technicalities and approach with commonsense not only the affidavit but the statement of the affiant on which the judge also relied, we should construe the officer's statement as meaning in effect: "There is a basis for believing this informant because an arrest has already been made, thereby proving that the information he supplied is reliable."

We find that the showing of probable cause was adequate and therefore reverse the determination of the district court.

FEINBERG, Circuit Judge (dissenting):

I respectfully dissent.

Because the detective's affidavit in support of the warrant in this case did not meet the constitutional standard of Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), I would affirm Judge Bonsal. In *Aguilar,* the Court said:

[T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, was "credible" or his information "reliable." [378 U.S. at 114, 84 S.Ct. at 1514; footnote omitted.]

The majority correctly states that "the affidavit is clearly sufficient but for the failure of the affiant to state the basis for his belief in the informant's reliability." However, under *Aguilar,* this is a sizeable "but"—indeed a controlling one here.

The majority fills the conceded gap in the affidavit with an ambiguous oral contemporaneous statement by the detective to the judge that "an arrest had already been made in the case." However, the detective in no way related the arrest to the informer's reliability. As Judge Bonsal pointed out in his excellent opinion, 267 F.Supp. 337, the detective did not tell the judge that the informant was an accomplice, that the informant had been arrested, or give any reasons

for his conclusion that the informant was reliable. The majority reads the detective's statement as though he had said:

> There is a basis for believing this informant because an arrest has already been made, thereby proving that the information he supplied is reliable.

But I do not comprehend why an unspecified arrest "proves" that the information supplied by the informer was reliable. Is it because the other arrest was made on probable cause? If so, we have no reason to make such an assumption. And even if the other arrest was on probable cause, with no other link furnished, what does that prove about the informer? Is it because the other arrest uncovered narcotics? Making such an assumption on no information is a bootstrap on a bootstrap.

Moreover, it does not seem to me that the judge who issued the warrant relied on the information that someone had been arrested in assessing probable cause. The warrant issued on January 8, 1964. The judge recalled the detective's statement about a year later when testifying in a habeas corpus hearing in the Supreme Court of the State of New York. The judge testified there as follows:

> Q. Did Detective D'Arpe tell you that—who the informant was? A. No, he never did, unless it is stated in the affidavit. I would not remember.
>
> Q. Did you question him who the informant was?
>
> \* \* \* \* \* \*
>
> A. The affidavit which he submitted would be the basis on which I would issue the search warrant.
>
> Q. You didn't ask him any questions at all, did you, Judge? A. I have no independent recollection, but I will say that the affidavit that was submitted was sufficient for me—had sufficient information for me to believe that this search warrant should have been issued and was issued.

> Q. You made no independent examination of Detective D'Arpe, did you?
>
> \* \* \* \* \* \*
>
> A. I did not make an independent examination, because the facts in the affidavit were sufficient, in my opinion.
>
> Q. Did he tell you that the confidential informant was an accomplice?
>
> \* \* \* \* \* \*
>
> A. I believe he told me that he had made an arrest of someone and that based on that arrest he needed a search warrant immediately, and would I help him out in signing a search warrant.
>
> Q. You didn't ask him who he made an arrest of, did you? A. No, I did not.
>
> \* \* \* \* \* \*
>
> Q. And tell me whether this [affidavit] is anything else but hearsay from an unidentified informant.
>
> \* \* \* \* \* \*
>
> A. I believe it is sufficient for probable cause for the issuance of a search warrant.
>
> \* \* \* \* \* \*
>
> Q. Does it say, Judge, that the officer saw or observed anything regarding the presence of narcotics by Schnitzler here? A. Doesn't it speak for itself?
>
> \* \* \* \* \* \*
>
> Q. I am asking you a question, Judge. Does this affidavit contain one word— A. No, it doesn't. You have read it the same as I have.
>
> Q. It doesn't? A. But, as I stated before \* \* \* the officer had already informed me that he had another person under arrest in connection with this particular case.
>
> Q. Did he tell you who the person was? A. No, he did not.
>
> Q. Did he— A. But he said he had arraigned him that day.
>
> \* \* \* \* \* \*

Q. Judge, did you ask Mr.—Detective D'Arpe to put in his affidavit that he had arrested somebody? A. No.

Q. There was no stenographer taking the proceedings here? A. No.

Thus, the judge testified that he "did not make an independent examination, because the facts in the affidavit were sufficient * * *."; from the judge's testimony, it appears that the arrest was mentioned by the detective only as a basis for speed in issuing the warrant.[1] It seems fairly clear to me that the judge did not rely on the statement about an arrest to supply an essential element of probable cause—and with good reason, considering the paucity and ambiguity of the information thus conveyed.

In other words, reliance now on that statement is an afterthought, not even mentioned by the majority opinion of the New York Court of Appeals in holding the search legal. People v. Schnitzler, 18 N.Y.2d 457, 276 N.Y.S.2d 616, 223 N.E.2d 28 (N.Y.1966). That opinion makes clear that the majority of the New York Court of Appeals thought the warrant valid because, in response to the judge's question at the time of its issuance, the detective answered that the informer was reliable, id. at 618, 223 N. E.2d at 30. With all due respect to that court, I feel that Judge Bonsal and the three dissenting judges on the New York Court of Appeals were right in finding that a conclusory averment of the informer's reliability is no substantiation thereof.

I agree that we should approach these problems in a common sense manner. But I cannot convert a vague remark that an arrest had been made into proof of an informer's reliability. The majority points out that preference is accorded to search warrants over warrantless arrests and searches. This makes excellent sense, but only on the assumption that the magistrate observes the constitutional requirements for obtaining a warrant. Under *Aguilar* and Riggan v. Virginia, 384 U.S. 152, 86 S.Ct. 1378, 16 L.Ed.2d 431 (1966), this warrant is fatally defective.

---

1. Detective D'Arpe's testimony shows that he did not intend the arrest to relate to the informer's reliability.

Q. Did you tell Judge Glowa when you came before Judge Glowa the name of the man whom you arrested? A. I don't believe so. I believe the only thing the Judge asked me was if the informant was reliable.

Q. Was the informant—and what did you tell Judge Glowa about whether the informant was reliable? A. I said he was.

Q. And what did you say to him to make him believe he was reliable?
* * * * *
A. I didn't say anything.