UNITED STATES of America ex rel.
Alfred SCHNITZLER, Petitioner-
Appellee,

v.

Hon. Harold W. FOLLETTE, Warden of
Green Haven Prison, Stormville, New
York, Respondent-Appellant.

No. 284, Docket 32894.

United States Court of Appeals
Second Circuit.

Submitted Jan. 8, 1969.

Decided Jan. 28, 1969.

Alfred Schnitzler, pro se, petitioner-appellee.

Brenda Soloff, New York City (Louis J. Lefkowitz, Atty. Gen. of the State of

New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellant.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

LUMBARD, Chief Judge:

The Attorney General appeals from a district court order which directs issuance of a writ of habeas corpus, despite the fact that this court previously rejected a habeas corpus application by petitioner Alfred Schnitzler based upon the same factual and legal contentions raised by his present petition.

We reverse. The district court abused its discretion under 28 U.S.C.A. § 2244(b) in entertaining petitioner's application for habeas corpus since that application alleged no facts, and cited no legal authorities, differing from those before this court when it denied petitioner's prior request for the same relief.

Petitioner was convicted of the crime of felonious possession of narcotics with intent to sell after a non-jury trial in New York Supreme Court, Queens County. He was sentenced on January 8, 1965, to a term of 5 to 15 years. Admitted into evidence at trial was a large quantity of marijuana which had been found in his apartment during a search authorized by a warrant issued by a state court judge. Both of petitioner's habeas corpus applications have pressed the claim that this warrant was not supported by a showing of probable cause, and that therefore the marijuana seized during the search was improperly received into evidence.

The New York Court of Appeals upon direct review of the conviction rejected petitioner's contention concerning the invalidity of the warrant, People v. Schnitzler, 18 N.Y.2d 457, 276 N.Y.S.2d 616, 223 N.E.2d 28 (1966), with three judges dissenting. Petitioner did not seek certiorari from the Supreme Court, but instead brought a habeas corpus application in the Southern District of New York. After a complete review of the record the writ was granted by Judge Bonsal. 267 F.Supp. 337 (S.D.N.Y.1967). Upon review this court reversed. United States ex rel. Schnitzler v. Follette, 379 F.2d 846 (2d Cir. 1967). We held that probable cause for issuing the warrant had been established because a comment made to the state judge by the officer seeking the warrant sufficiently demonstrated the reliability of the informant upon whose advice it was believed that narcotics would be found in Schnitzler's apartment. The facts are fully set out in the majority and dissenting opinions of this court reported at 379 F.2d 846.

Apparently petitioner, who had been represented by counsel before this court, had difficulty in raising the funds necessary to retain counsel for the purpose of seeking certiorari to the Supreme Court. On two occasions Justice Harlan granted petitioner extensions of the time in which to file his certiorari petition. The last extension expired December 1, 1967, and no petition was filed.

On July 23, 1968, only 12 months after our decision, petitioner marched back to the Southern District with another habeas corpus application. This petition merely cited the facts which were before Judge Bonsal and this court on Schnitzler's previous petition, cited the reported court decisions concerning his prior petition, and ventured that the opinion of this court reversing Judge Bonsal had been erroneous.

District Judge Croake granted the writ on September 11, 1968, "[n]otwithstanding the prior proceedings" in connection with petitioner's first habeas application. 290 F.Supp. 359 (S.D.N.Y.1968). In his memorandum Judge Croake mentions no facts which were not before this court during its consideration of Schnitzler's first application. The two cases relied upon by Judge Croake, United States v. Freeman, 358 F.2d 459 (2d Cir.), cert. denied 385 U.S. 882, 87 S.Ct. 168, 17 L. Ed.2d 109 (1966), and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d

723 (1964), were cited in the opinions filed by this court in its review of Judge Bonsal's decision. Concededly there has been no change in the law between July, 1967, when this court determined that the warrant had been issued upon probable cause, and September, 1968, when Judge Croake decided that it had not. Judge Croake simply disagreed with this court's application of the settled precedents to the same set of facts.

This appeal from Judge Croake's order was taken on submission by this court on January 8, 1969, and therefore petitioner's belated motion on January 9 to argue is denied.

The lower court did not feel the need to justify hearing a petition identical to one rejected by this court a year earlier, but any authority for the court's action would have to be found in 28 U.S.C. § 2244, as amended 80 Stat. 1104 (1966). It is true that this section does not by its terms forbid a federal district court judge to hear a habeas corpus application even though it alleges no new grounds of fact or law from those urged on a previously rejected application. But it hardly encourages such action. Section 2244(a), applying to petitioners in custody pursuant to a federal court judgment, provides that a court shall not "be required" to entertain a successive application alleging no new grounds unless "the judge of the court is satisfied that the ends of justice will * * * be served by such inquiry." Section 2244 (b), applying to petitioners held pursuant to state court judgments and thus controlling in this case, says only that a successive identical application "need not be entertained." By implication this means that a district court does have some discretion to entertain such an application. But to say that such applications are addressed to the sound discretion of the court, see, e. g., Garrison v. Johnston, 151 F.2d 1011, 1013 (9th Cir. 1945), cert. denied 328 U.S. 840, 66 S.Ct. 1009, 90 L.Ed. 1615 (1946), is not to say that this discretion may not be abused. We find a clear example of such abuse present in this case.

The Supreme Court, while holding that a successive habeas petition is not barred by *res judicata* has defined the discretion of the district courts in these terms:

"Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief [footnote omitted] only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963).

As we have seen there is no doubt that conditions 1 and 2 are satisfied in this instance. By using the words "the ends of justice" the court meant to include situations in which the relevant facts had not been adequately developed on petitioner's first application, and instances where a change in the law had occurred since the previous determination against him. 373 U.S. at 16–17, 83 S.Ct. 1068. Neither of these considerations applies to this case, nor do we see any other ground upon which a rehearing of petitioner's probable cause argument by the district court can be justified. The burden is upon the applicant to establish that the ends of justice would be served by a reexamination of the ground upon which his prior application was rejected. 373 U.S. at 17, 83 S.Ct. 1068. Schnitzler has not attempted to sustain his burden in this case other than to express the opinion that the prior decision of this court was incorrect.

Not only is it clear that under the *Sanders* standard the district court could have refused to entertain this second application for habeas corpus relief, Nash v. Reincke, 325 F.2d 310, 312 (2d Cir. 1963), but we hold that in light of the prior decision of this court the district court was required not to entertain the application.

While *res judicata* does not apply to successive habeas applications Judge Croake was bound to follow our prior decision, rendered upon a factual and legal background identical to that before the district court, under the common principle of *stare decisis*. In this case, as in all others, the district court is required to follow a binding precedent of a superior court, and it abused its discretion in declining to do so. Cf. Port Authority Bondholders Protective Committee v. Port of New York Authority, 387 F.2d 259, 262–263 n. 3 (2d Cir. 1967).

Petitioner's present application is, in effect, an effort to appeal this court's adverse ruling on his first petition. By entertaining this application the district court improperly functioned as a court of review over a judgment of its superior Court of Appeals. The adoption of such a role is particularly inappropriate in the area of federal habeas corpus jurisdiction over state prisoners, a branch of criminal jurisprudence which is badly in need of some principles of finality. See United States ex rel. McCann v. Thompson, 144 F.2d 604, 606, 156 A.L.R. 240 (2d Cir. 1944).

■ Congress recognized this need for finality in passing the aforementioned amendments to 28 U.S.C. § 2244 in 1966. The legislative history of these amendments reflects with unmistakable clarity the concern of Congress over the increasing number of habeas corpus petitions filed in the federal courts by state prisoners. See S.Rep. No. 1797, 89th Cong., 2d Sess. (1966); U.S. Code Cong & Admin. News, 1966, v. 3, pp. 3663–3672. From a sum total of 134 applications by state prisoners in 1941, this number has increased to 814 in 1957, 1,903 in fiscal year 1963, and 6,331 in fiscal 1968. Id. at p. 3663; Administrative Office of the United States Courts, Annual Report of the Director —1968, p. II–44. In view of this rising tide of applications, the great majority of them frivolous, the district courts should exercise great restraint before entertaining a habeas application under § 2244 when it is similar to a previous application by the same petitioner which has been found to be without merit. And, when the successive application is identical in its factual and legal aspects to one previously rejected on the merits by this Court of Appeals, we believe that under § 2244 the district court is without discretion to entertain it. To sanction the action of the district court in this case would be to invite into the federal forum a wealth of like applications containing merely repetitions of contentions previously rejected after a full and fair hearing by this court. The only proper course of action for the district court was to dismiss the petition without further consideration.

The order of the district court is reversed with direction to dismiss the petition.