Edward Thompson, J.
Defendant moves by coram nobis to vacate a judgment dated July 21, 1965 which, after jury trial, convicted him of a robbery in the second degree. Pursuant to such conviction the defendant stands sentenced to State prison for 7y% to 15 years. Herein, defendant contends that subsequent to his arrest he was subjected to an identification without a lineup, this in contravention of the rulings in United States v. Wade (388 U. S. 218 [1967]) and Gilbert v. California (388 U. S. 263 [1967]). However, it is now well settled that the principles in the foregoing cases (Stovall v. Denno, 388 U. S. 293 [1967]) are not to be applied retroactively, i.e., not before June 12,1967, Defendant further relies upon an opinion rendered by Judge Mishler in the Hnited States District Court for the Eastern District of New York where the defendant applied for a habeas corpus in this case. Therein his petition for said writ was dismissed “ without prejudice to a renewal thereof after an application has been made to the state ” ¡court. Judge Mishler in denying the habeas corpus application also said:
“ An evidentiary hearing is, therefore, necessary to an adjudication of petitioner’s claim. Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745 (1963). In light of the peculiar circumstances of this case, however, it is the opinion of the court that the state court in which the trial took ¡place is the appropriate forum for such an inquiry. The trial in this case took place some two years before the Supreme Court, in Stovall v. Denno, supra, particu *107 larized the need for due process in the conduct of a pretrial identification. Had the trial been held against the background of this decision, this court feels confident that an appropriate hearing would have been held.
“ Petitioner should apply for relief in the state court. He should be afforded an evidentiary hearing in the New York state courts upon the question of whether the identification procedure employed by the police in this case was so unnecessarily suggestive of irreparable mistaken identification that it deprived petitioner of due process of law. ’ ’
It is apparent from the foregoing that Judge Mishler portends that the petitioner is entitled to a postconviction hearing re identification (in coram nobis) in a case where he was convicted in a State court prior to the 'holding in Stovall v. Denno (supra); he contends that Townsend v. Sain (supra) so dictates, if not directly, then by inference.
With such holding I disagree. Townsend v. Sam (supra) specifically outlined the application of the test prescribed therein for habeas corpus. In that case Townsend sought relief from the use of an involuntary confession against him. He did not seek a hearing in coram nobis for unreliability or lack of confrontation during identification. Facing up to that proposition, the Supreme Court of the United States in Stovall v. Denno. (supra) some four years after Townsend v. Sain (supra) specifically decreed (p. 296): “ We hold that Wade and Gilbert affect only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after this date. The rulings of Wade and Gilbert are therefore inapplicable in the present case.” (Emphasis supplied.) Further commenting (pp. 299-300): “ The unusual force of the countervailing considerations strengthens our conclusion in favor of prospective application. The law enforcement officials of the Federal Government and of all 50 States have heretofore proceeded on the premise that the Constitution did not require the presence of counsel at pretrial confrontations for identification. Today’s rulings were not foreshadowed in our cases; no court announced such a requirement until Wade was decided by the Court of Appeals for the Fifth Circuit, 358 F. 2d 557. The overwhelming majority of American courts have always treated the evidence question not as one of admissibility but as one of credibility for the jury. Wall, Eye-Witness Identification in Criminal Cases 38. Law enforcement authorities fairly relied on this virtually unanimous weight of authority, now no longer valid, in conducting pretrial confrontations in the absence of counsel. It is, therefore, very clear that retroactive *108 application of Wade and Gilbert ‘ would seriously disrupt the administration of our criminal laws Johnson v. State of New Jersey, supra, at 731.” Thus, it cannot be questioned that a defendant is entitled to an1 ¿ identification hearing ’ ’ only in cases decided subsequent to Stovall v. Denno (supra).
Further, it is most significant in this case that the artists’ sketch or police ‘ ‘ make-up ’ ’ initiating the identification was admitted into evidence by the defense. It is also significant that after apprehension the victim and an eyewitness independently averred that a photograph, shown to them with five others, resembled the perpetrator. Thereafter, they singly observed him alone and identified him. Thus, we are not dealing here with a 1 ‘ one witness ’ ’ situation.
The trial has been held almost four years ago. Questions of buttressing, identification and absence of lineup were raised on appeal. A unanimous court upheld the conviction in the Appellate Division (28 A D 2d 824) and leave to appeal to the Court of Appeals was denied on September 28, 1967. Such questions which have been thoroughly resolved by appeal must have a terminous when constitutional requirement as decreed by the highest court in our land has been met.
The United States Supreme Court having spoken, its decree of non retroactivity for an application such as this one, should be followed. Not so doing is tantamount to an abuse of discretion. (United States ex rel. Schnitzler v. Follette, 406 F. 2d 319.)
Coram nobis does not here lie.
The motion is in all respects denied.