**UNITED STATES ex rel. Alfred James GARY, Relator-Appellant,**

v.

**Harold W. FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.**

**No. 136, Docket 32998.**

United States Court of Appeals Second Circuit.

Argued Oct. 14, 1969.

Decided Nov. 17, 1969.

---

John W. Castles, 3d, New York City, for appellant.

Stephen P. Seligman, Deputy Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief; Hillel Hoffman, Michael Jaffe, Asst. Attys. Gen., of counsel), for appellee.

Before FRIENDLY, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge:

Appellant Alfred James Gary and two others were convicted in 1962 of criminally concealing and withholding stolen property after a jury trial in the County Court of Queens County, New York. At that trial, defendants moved to exclude certain evidence consisting of several business machines on the ground that there was no probable cause for defendants' arrest and that the seizure of the machines in connection with the arrest was therefore unlawful. This motion was denied. The defendants appealed to the Appellate Division, People v. Gary, 20 A.D.2d 550, 245 N.Y.S.2d 307 (2d Dept. 1963) and, upon the denial of that appeal, to the Court of Appeals where the judgment was again affirmed. People v. Gary, 14 N.Y.2d 730, 250 N.Y.S.2d 75, 199 N.E.2d 171 (1964) (Fuld, J., dissenting). Gary's petition for certiorari was denied. Gary v. New York, 379 U.S. 937, 85 S.Ct. 340, 13 L.Ed.2d 347 (1964).

Appellant then applied to the United States District Court for the Eastern District of New York for a writ of habeas corpus. The court dismissed the petition but granted a certificate of probable cause. This appeal was taken from the order dismissing the writ.

## I.

The testimony adduced at the state suppression hearing and the federal habeas corpus hearing showed that shortly before noon on October 28, 1961, Detective William Fitzgerald of the New York City Police Department received a telephone call from one Edward McNulty, a dealer in second hand business machines. McNulty had previously provided Fitzgerald with information, some of which had led to convictions. He told Fitzgerald that three Negroes would be coming to his store to attempt to sell him "hot" business machines.

Fitzgerald went to the area where McNulty's store was located and took up a position near the store. At about 12:30 P.M., 15 minutes after Fitzgerald had arrived on the scene, three Negroes drove up in a taxicab. The three were later identified as appellant Gary, Maurice Bagley and James O'Dell Martin. Bagley and Martin went into the store and reappeared with McNulty. Gary remained in the cab.

McNulty walked with Bagley and Martin towards the cab and signaled to Fitzgerald that these were the men about whom he had called. Bagley opened the trunk to show the business machines to McNulty. Fitzgerald then crossed the street and upon his approach, either Bagley or Martin attempted to close the trunk. Fitzgerald placed Bagley and Martin under arrest. Gary, who was still seated in the cab, was asked to get out and was also placed under arrest. It was later proved that business machines had been stolen during the evening preceding the arrest.

## II.

Appellant contends that Fitzgerald did not have probable cause to arrest. In support of his position he cites primarily Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).[1] These

---

1. Although *Aguilar* and *Spinelli* involved the sufficiency of applications to obtain search warrants, a similar standard exists when dealing with probable cause for arrest without a warrant.

"While *Draper* [Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959)] involved the question whether the police had probable cause for an arrest without a warrant,

cases require that there be some indication of the informant's reliability and that the informer's report contain enough of the "underlying circumstances" upon which the informer bases his allegations so that an assessment of the validity of his information can be made. Spinelli v. United States, *supra* 393 U.S. at 413, 89 S.Ct. 584; Aguilar v. Texas, *supra* 378 U.S. at 114, 84 S.Ct. 1509; United States v. Acarino, 408 F.2d 512, 514 (2d Cir.), cert. denied, 395 U.S. 961, 89 S.Ct. 2101, 23 L.Ed.2d 746 (1969).

In the instant case the reliability of the informant was established by the fact that he was a businessman who had been giving information as to thefts of typewriters and other business machines to Fitzgerald and other policemen over a period of three years and that on a number of prior occasions McNulty's information had resulted in arrests and convictions.

In determining whether there were sufficient "underlying circumstances" to support the informer's report, we are guided by what the court said in United States ex rel. Schnitzler v. Follette, 379 F.2d 846, 848 (2d Cir. 1967) about probable cause to issue a search warrant:

> "We are instructed by the Supreme Court that the requirements of probable cause are based upon 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act,' Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949), and that 'when a magistrate has found probable cause, the courts should not invalidate the

warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner.' United States v. Ventresca [380 U.S. 102, 109 (1965)].

The information conveyed to the agent in the instant case indicated the time and place that the crime would occur,[2] the number of persons involved, a physical description of these persons and the nature of the stolen goods. We believe that this information and Fitzgerald's observation of the predicted circumstances satisfied the requirements of *Aguilar*,[3] and *Spinelli*. See Draper v. United States, 358 U.S. 307, 309, 79 S.Ct. 329 (1959); United States v. Malo, 417 F.2d 1242 (2d Cir. Oct. 14, 1969); United States v. Acarino, *supra*; United States ex rel. Cunningham v. Follette, 397 F.2d 143 (2d Cir. 1968), cert. denied, 393 U.S. 1058, 89 S.Ct. 699, 21 L.Ed.2d 699 (1969); United States v. Soyka, 394 F.2d 443 (2d Cir. 1968) (en banc), cert. denied, 393 U.S. 1095, 89 S.Ct. 883, 21 L.Ed.2d 785 (1969).

### III.

In the present case, however, we need not decide whether the informer's report by itself, was sufficient to establish probable cause for arrest. It is a fair inference from the evidence that Fitzgerald saw the thieves attempt to close the trunk of the car at his approach. This act, showing consciousness of guilt, was sufficient to corroborate the informer's report. McCray v. Illinois, 386 U.S. 300, 302, 304, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); United States v. Acarino, *supra* 408 F.2d at 515; United States ex rel. Cunningham v. Follette,

---

the analysis required for an answer to this question is basically similar to that demanded of a magistrate when he considers whether a search warrant should issue." United States v. Spinelli, 393 U.S. at 417, 89 S.Ct. at 589 n. 5. See United States v. Acarino, 408 F.2d 512, 514 n. 3 (2d Cir.) cert. denied, 395 U.S. 961, 89 S.Ct. 2101 (1969).

2. Since Gary was convicted of criminally concealing and withholding stolen goods the crime was taking place when he was arrested.

3. The relevant part of the affidavit in *Aguilar* merely stated:

"Affiants have received reliable information from a credible person and do believe that heroin, marijuana, barbiturates and other narcotics and narcotic paraphernalia are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law." 378 U.S. at 109, 84 S.Ct. at 1511.

*supra* 397 F.2d at 145; United States v. Soyka, *supra* 394 F.2d at 453–454.

As Judge Dooling said in his memorandum opinion:

"Fitzgerald was dealing with a rapidly unfolding situation on a city street; the police action he took could only at serious risk to countervailing social interests be discouraged and deterred by invoking a rigid exclusionary rule; his was necessarily swift action predicated upon his on-the-spot observations; initiation of the police action was, in the circumstances, obligatory on Fitzgerald, and there is no indication that the police action, once initiated, became unreasonable in scope or intensity either in its arrest or seizure aspect * * *"

Appellant also contends that even if there was probable cause to arrest Bagley and Martin the fact that appellant remained in the cab distinguishes his situation. We are not persuaded. Fitzgerald was told that three Negroes would be involved in the attempted sale of stolen goods. Gary's presence at the scene, predicted by McNulty, indicated his complicity with Bagley and Martin.

Affirmed.