Gibson, J.
The People contend that the Assistant District Attorney’s stipulation removing from the court’s consideration upon a suppression hearing the question of abandonment as *326 treated in People v. Anderson (24 N Y 2d 12) usurped the function of the court to determine the legal issues, including abandonment, arising upon the evidence previously completed and closed; and the People seek, reasonably enough, to disavow the stipulation (People v. Lewis, 26 N Y 2d 547, 550); but the stipulation is not determinative of the appeal, inasmuch as the courts below properly found probable cause without reference to the police officer’s retrieval and inspection of the cigarette package which was the subject of the stipulation. Thus, there was adequate evidence of the reliability of the informant, on the basis of past performance, and of the reliability of the information, on the basis of the specificity and immediacy of the informant’s accurate report, made upon firsthand knowledge and. contemporaneous observation and shortly confirmed at the scene (see People v. Hendricks, 25 N Y 2d 129, 133-134). When these two elements exist, tending, as they do, to give evidentiary support to the existence of a reliable informer, rather than one invented for the purposes of the case, it is unnecessary to demonstrate his existence by disclosing his name.
The informant accurately described defendant in terms of height, weight, color, nationality and attire; this description led the officer to defendant and defendant’s companion, also accurately described, when the officer first observed them upon the street; and thus became a substantial factor in testing the reliability of the information (see Draper v. United States, 358 TJ. S. 307, 309, 313). The informant reported upon personal knowledge, based on his present observation of narcotics in defendant’s possession; factors whose absence was notable and the subject of comment in People v. Hendricks (25 N Y 2d 129, 136, 137,138, supra), in Spinelli v. United States (393 U. S. 410, 416) and in Aguilar v. Texas (378 U. S. 108, 113-114). Important, too, was the informant’s specification of the location of defendant’s activities as in front of No. 32 Fort Greene Place, where the officer shortly found him.
In sum, then, an informant of demonstrated past reliability reported his actual observation of the present possession of a narcotic, at a specific location, by an individual for whom he furnished a description so accurate as to enable the officer to make immediate identification, some 30 minutes later, upon encountering defendant at the location where he was reportedly *327 to be found. Upon proof of quite similar factors, the finding of probable cause was sustained in McCray v. Illinois (386 U. S. 300, 302) and the verification, on the scene, of such significant details may alone authenticate the information (see People v. Jordan, 28 N Y 2d 902, and Spinelli v. United States, 393 U. S. 410, supra). Additionally, however, and this distinguishes the ease from People v. Malinshy (15 N Y 2d 86) and the cognate authorities as to disclosure cited in the dissent, it seems clear that after every other detail had been verified, the officer was warranted in believing that the remaining detail reported, being that of defendant’s present possession of a drug, was also correct and in thereupon finding probable cause in defendant’s dropping to the ground a cigarette package — a not unheard of drug cover—when the arresting officer and two fellow officers stopped their car, jumped from it and started in defendant’s direction. As was said with regard to a similar factual situation: “ And surely, with every other bit of Hereford’s information being thus personally verified, Marsh had ‘ reasonable grounds ’ to believe that the remaining unverified bit of Hereford’s information — that Draper would have the heroin with him—was likewise true.” (Draper v. United States, 358 U. S. 307, 313, supra.)
The order should be affirmed.
Chief Judge Fuld (dissenting). The critical question presented on this appeal is whether the People were under the necessity of disclosing the identity of the police informant. In my view, such disclosure was required since, apart from the arresting officer’s own testimony as to the informant’s communications to him, there was no evidence to establish probable cause for the defendant’s arrest. In Draper v. United States (358 U. S. 307), upon which the majority places reliance, the informer’s identity was disclosed (see United States v. Robinson, 325 F. 2d 391, 394) and, consequently, nothing decided or stated in that case supports an affirmance here.
At the hearing on the defendant’s motion to suppress the heroin taken from him, the arresting officer testified that, after receiving a tip from a confidential informer that he had observed “ two fellows dealing drugs at Fort Greene Place ” in Brooklyn, he went there and saw the defendant and another man who fitted the descriptions given to him. Although he acknowledged that *328 he noticed nothing suspicious about their conduct or movements, he approached them to effect an arrest. When some 20 feet distant, he said, he saw a cigarette package fall from the defendant’s hand; he picked it up, found inside a number of glassine envelopes containing a white powder—which on later analysis proved to be heroin-—-and thereupon arrested the defendant.[1]
As the record makes clear, the officer did no more than testify that his own observations at Fort Greene Place corresponded with what he himself said his informer had told him; thus, there was no independent substantiation of the fact of the informer’s existence or of his act of informing. Consequently, in order to be in a position to refute the officer’s story, defense counsel requested disclosure of the informer’s name.[2] The request was denied and, at the hearing’s conclusion, the judge denied the motion to suppress; on appeal, the Appellate Term affirmed on the ground that ‘ ‘ the information given supplied probable cause for the defendant’s arrest and the search incidental thereto ”.
It is indisputable that a search and seizure, not authorized by consent or a search warrant, is permissible only if conducted as incident to a lawful arrest and that, to accomplish such an arrest, the officer must, at least, have reasonable or probable cause for believing that a crime has been committed. (See, e.g., People v. Malinsky, 15 N Y 2d 86, 91 [same case, 19 N Y 2d 262]; People v. Loria, 10 N Y 2d 368, 373; Beck v. Ohio, 379 U. S. 89.) Even if I were to assume that probable cause was established in this case by the officer’s testimony as to what he claimed his informer told him and his further testimony that the physical appearance of the defendant and his companion tallied with the informer’s description of the two men at Fort Greene Place, it would not decide the issue before us. In short, it does not resolve the defendant’s claim that, by refusing to reveal the informer’s identity, the State denied him a fair hearing since *329 it deprived him of the only available means of rebutting the officer’s testimony. Where the lawfulness of an arrest depends solely on the arresting officer’s unsupported testimony as to what his informer told him, we have unequivocally held that the defendant is entitled to know who the informer is, for in such a situation the legality of the arrest necessarily rests upon acceptance of the officer’s credibility, and not upon his observations on which he could be cross-examined. (See People v. Malinshy, 15 N Y 2d 86, 92-95, supra-, People v. Verrecchio, 23 N Y 2d 489, 492; see, also, People v. White, 16 N Y 2d 270, 273; People v. Gerrato, 24 N Y 2d 1, 6-7; Boviaro v. United States, 353 TT. S. 53, 61; United States v. Bobinson, 325 F. 2d 391, 393, supra", United States v. Gomissiong, 429 F. 2d 834, 838.) “ Disclosure of the informer’s identity is required”, our court declared in People v. Malinshy (15 N Y 2d, at pp. 93-94), “ where there is insufficient evidence, apart from the arresting officer’s testimony as to the informer’s communications, to establish probable cause.” In other words, a court may make a fair determination of the issue only by requiring disclosure and affording the defendant an opportunity to present contrary or impeaching evidence as to the truth of the officer’s testimony and the reasonableness of his reliance on the informer.
In the case before us, it seems to me manifest that the officer’s observations were insufficient to support a finding of probable cause, or even of reasonable suspicion, that a crime was being committed or attempted. (See, e.g., People v. Verrecchio, 23 N Y 2d489, supra-, People v. Gorrado, 22 N Y 2d 308.) Phrased somewhat differently, on the facts adduced, it is clear — and the majority recognizes this by its references to, and its reliance upon, “ the informant’s accurate report” and his description of the defendant (opn., p. 326)—that the finding of probable cause necessarily depends on the informer’s communications as related by the arresting officer. Nothing the officer personally observed at the scene indicated that the defendant was ‘ ‘ dealing [in] drugs ’ ’ or was engaged in any other criminal activity; he merely saw, as he drew near, that the defendant and his companion were talking together and that a cigarette pack fell from the defendant’s hand.[3] By no stretch of reason or logic could *330 this, in and of itself and without reliance upon the alleged antecedent communication from the informer, serve as a predicate for a finding of probable cause. (See, e.g., People v. Verrecchio, 23 N Y 2d 489, 492, supra.) In point of fact, when the officer arrested the defendant, he knew only that he was arresting the man purportedly described by his informer. And, for all that appears, the officer might have invented the informer in an attempt to justify the arrest he made.
Since, then, the officer’s own observations completely failed to prove probable cause — in other words, since there was insufficient evidence to sustain such a finding, apart from the communication attributed by him to the informer-—it follows that the People were required to divulge his identity.
Were the rule otherwise, and if disclosure could properly be withheld, a police officer would be allowed to establish unimpeachably the lawfulness of an arrest merely by testifying that he received justifying information from a reliable informer whose identity cannot be revealed. Such a result is intolerable, ■for, as we declared in Málinsky (15 N Y 2d, at p. 94), it “ would completely deprive the defense of the opportunity of showing that there was in fact no reliable informer or, if there was, that his communication to the police was different from that testified to and that, for either of those reasons, the police did not have probable cause to make the arrest ’ ’. Consequently, the court concluded, “ the prosecution must either disclose or run the risk of having the arrest and search held illegal.”
The order appealed from should be reversed and the case remitted to the Criminal Court, Kings County, for a further hearing on the motion to suppress.

. The District Attorney stipulated that the cigarette package had not been “ abandoned ” and that probable cause for the arrest depended solely upon the information conveyed to the police by the informer, and the entire court recognizes that the stipulation may not now be disregarded or disavowed by the People.

. As to the informer’s reliability, it is of more than passing significance that, although the officer declared that on 10 previous occasions the information supplied had led to arrests, he admittedly could recall on cross-examination the names of only three of those arrested and of these, he stated, only one had been convicted.

. As already noted (supra, p. 328, n. 1), the prosecutor stipulated that the defendant had not “ abandoned ” the package.