Gabrielli, J.
Upon his plea of guilty, defendant was ad *311 judged to be a youthful offender by the Criminal Court of the City of New York, the underlying charge being attempted possession of a narcotic drug in the sixth degree. Appellate Term, First Judicial Department, affirmed the judgment and, by leave of a Judge of this court, defendant appeals therefrom.
At approximately 11:30 a.m., on March 5, 1971, a dean in charge of security at a Manhattan high school was approached by a student who informed him that the appellant possessed and was selling narcotics on the school premises. The student-informant, whose identity was not revealed at the suppression hearing, had furnished the dean with similar information on five prior occasions; and in each of the prior instances, the information imparted by the student had led to the dean’s seizure of narcotics. Moreover, in every case the student named by the informant, had been subsequently arrested for and convicted of drug related charges. When the dean later followed up on the tipster’s information and conducted a search of Singletary’s person, he discovered 13 glassine envelopes containing heroin in one of the appellant’s socks.
On this appeal, Singletary argues that his youthful offender adjudication should be overturned in accordance with this court’s decision in People v Scott D. (34 NY2d 483) wherein it was held that a public school official does act as a State agent when he searches a student so that such a search must comport with the requirements of the Fourth Amendment. The rule enunciated by Chief Judge Breitel in Scott D. was designed to prevent teachers or other school officials from exercising "arbitrary power” by engaging in "random causeless searches” based upon unfounded "equivocal suspicion” (pp 487, 489, 490). In vacating Scott D.’s youthful offender adjudication, we took note of two factors: (1) the imprecise nature of the information provided was insufficient to warrant the search of the defendant; and (2) the basis of the informant’s reliability was not disclosed (pp 485, 489). Neither factor is present in the instant case. In conducting the search of Singletary’s person, the dean acted upon the basis of concrete, articulable facts supplied by an informant whose reliability had been proven by the accuracy of his previous communications.
The appellant also asserts that he is aggrieved by the fact that he was precluded from eliciting the identity of the student-informant at the hearing on the motion to suppress. In People v Darden (34 NY2d 177) and People v Goggins (34 *312 NY2d 163) we recently held that a defendant is not necessarily entitled to learn the identity of an informant at a probable cause hearing, even if probable cause rests solely upon the information supplied by the informant (see People v Castro, 29 NY2d 324; cf. People v Malinsky, 15 NY2d 86). We reasoned that when probable cause is the issue, as opposed to guilt, the defendant’s rights are amply protected by an in camera examination of the informant by the hearing Judge (People v Darden, supra, p 181; People v Goggins, supra, p 168). No in camera examination of the informer was requested by the defendant or conducted by the hearing court in the instant case. Neither Darden nor Goggins had been decided at the time of the hearing on the motion to suppress. Significantly in People v Huggins (36 NY2d 827, 828) the defendant made a request for an in camera examination, which was refused by the hearing Judge, and we ruled that such a denial was not an abuse of discretion, "especially since at the time the hearing court did not have the benefit of the guidelines subsequently announced in our opinion in People v Darden”.
The order of the Appellate Term should be affirmed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.