■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAKUB BIENIEK, Appellant.—Case held, decision reserved and matter remitted to Supreme Court, Erie County, for further suppression hearing in accordance with the following memorandum: Defendant has been convicted of unlawful possession of a revolver. He alleges that the possession was justified because he was the object of numerous threats from one Ludwig and others who threatened serious physical harm to him because he had helped the police apprehend Ludwig after a shooting. The shooting occurred on November 7, 1975 and the gun was discovered in defendant's possession as the result of an informer's tip on November 10. Notably, defendant possessed the gun by his own admission on November 6, before the incident with Ludwig and Ludwig remained in police custody after the November 7 incident. Justification may be a defense when there is a danger of "imminent" injury and the "urgency" of avoiding the injury clearly outweighs the "desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue" (Penal Law, § 35.05, subd 2). Defendant was not confronted with sudden or unexpected circumstances requiring that he act contrary to law to avoid imminent injury to himself. Rather, the threats continued over several days. Defendant neither notified the police of the apprehended danger nor asked for protection. Manifestly, he intended to exercise self-

help in a nonemergency situation and the court properly refused to charge justification. We have considered the other issues defendant raises concerning the trial and find that none requires a reversal. The case must be remitted, however, for further evidence on whether the gun should have been suppressed. After receiving information from an unidentified informant that defendant possessed a gun, his vehicle was stopped while traveling on a city street. Officer Stambach, the arresting officer, testified at the suppression hearing that the informant was credible and by his testimony he established that the information was reliable because "self-verifying" (see *Draper v United States,* 358 US 307; *People v Hanlon,* 36 NY2d 549; *People v Hendricks,* 25 NY2d 129). This hearsay information was the only basis upon which probable cause could rest, however, for Officer Stambach had no information to support a search. Under these circumstances, the court erred in foreclosing defendant's attempts at the suppression hearing to discover the identity of the informer, the source of his information and the basis for determining his credibility (see *People v Malinsky,* 15 NY2d 86; cf. *People v White,* 16 NY2d 270; see, also, *People v Castro,* 29 NY2d 324). We remit the case for development of the record to establish the sufficiency of the informant's information, by *in camera* proceedings, if necessary, to protect the informant's identity (see *People v Darden,* 34 NY2d 177; see, also, *People v Leyva,* 38 NY2d 160, 171-172). (Appeal from judgment of Erie Supreme Court—criminal possession weapon, third degree.) Present—Cardamone, J. P., Simons, Hancock, Jr., and Denman, JJ.