Jasen, J.
(dissenting). While I completely agree with the majority’s conclusion that an informant’s tip may contain such detailed information of criminal activity as to be self-verifying, I simply cannot accept the majority’s sweeping holding that the basis of knowledge prong of the test enunciated in Aguilar v Texas (378 US 108) is incapable of satisfaction absent observations by police officers of behavior inconsistent with innocence where a reliable informant, by mere happenstance or otherwise, fails to indicate the basis for his knowledge, but, nevertheless, provides law enforcement officers with detailed information of a person’s activities and asserts that such person is engaging in specific illegal conduct —in this case, unlawful possession of a .25 caliber automatic pistol. The court today unnecessarily fractionates the time-tested and rational legal rule that the information revealed by an informant, whatever its nature, can be so detailed as to be self-verifying and that probable cause for a search, whether with or without a warrant, arises when independent observations by law enforcement officers confirm the comprehensive information supplied by a concededly reliable informant. (See, *243 e.g., Spinelli v United States, 393 US 410, 416-418; Draper v United States, 358 US 307, 312-314; People v Hanlon, 36 NY2d 549, 557; People v Hendricks, 25 NY2d 129, 134; People v Schnitzler, 18 NY2d 457.)
As the majority candidly concedes, principles of Federal constitutional law, as articulated by the Supreme Court, would not require a finding that the People have failed to demonstrate probable cause for the warrantless search herein. In Spinelli v United States (393 US 410, supra), the Supreme Court elucidated the "basis of knowledge” test as set forth in its prior decision in Aguilar v Texas (378 US 108, supra). While finding that the informant’s tip was not sufficient to provide the basis for probable cause given the facts of that particular case, the court nevertheless expressly reaffirmed its position that the "basis of knowledge” prong would be satisfied if the information was of sufficient detail as to be self-verifying. (Spinelli v United States, 393 US, at pp 416-418, supra.)
Common sense dictates that this principle of law be followed, for it is abundantly clear that detailed information contained in the informant’s tip would diminish, if not totally negate, any possibility that the conclusion that a crime has been committed rests upon nothing more "than a casual rumor circulating in the underworld or an accusation based merely on an individual’s general reputation * * * [or] an offhand remark heard at a neighborhood bar.” (Id., at pp 416-417; see People v Wheatman, 29 NY2d 337, 345-346, cert den sub nom. Marcus v New York, 409 US 1027.) It must be stressed that the "basis of knowledge” prong addresses the trustworthiness of the information supplied (Aguilar v Texas, 378 US 108, 113-115, supra; People v Hanlon, 36 NY2d 549, 556, supra), and no more accurate gauge of trustworthiness exists than the extent of detail contained in a reliable informant’s tip and the degree to which that detail is translated into observable conduct.
It is noteworthy that the Supreme Court in Spinelli observed that "[t]he detail provided by the informant in Draper v. United States, 358 U. S. 307 (1959), provides a suitable benchmark.” (Spinelli v United States, 393 US, at p 416, supra.) In the Draper case, an informant, reliable in the past, conveyed to Federal narcotic agents that Draper had recently taken up residence in Denver and that he was peddling drugs to addicts. Further, the informant stated that Draper had *244 traveled to Chicago the day before to secure three ounces of heroin and that he would be returning by train to Denver on either of the next two mornings. A detailed physical description of Draper and the clothes he would be wearing was given, and the informant also stated that he would be carrying a tan zipper bag and habitually "walked real fast”.
Acting upon the informant’s tip, law enforcement agents went to the Denver railway station the next morning and kept watch over the incoming trains from Chicago. However, no one matching the description given was observed. Repeating this process the subsequent morning, the officers saw a person, having the physical attributes and wearing the same clothing described by the informant, alight from an incoming Chicago train and commence walking to the exit at a fast pace. He was carrying a tan zipper bag in his right hand, the left being placed in his raincoat pocket. Seeing this person, the officers overtook, stopped, and arrested him. An ensuing search revealed two packets of heroin clutched in his hand in the raincoat, and a syringe in the zipper bag.
The Supreme Court, in addressing the issue whether the information provided the law enforcement agents was sufficient to demonstrate probable cause and reasonable grounds to believe that a crime had or was being committed, held that although the informant’s information was hearsay, it nevertheless constituted sufficient grounds to justify the warrantless arrest and search of Draper. Critical to the court’s determination were the factors that the information provided by the informant had been found accurate and reliable in the past and that the information contained in the tip, capable of verification, was so detailed as to be inherently trustworthy. The court further observed that the law enforcement agent "would have been derelict in his duties had he not pursued [the tip]” and that, "with every other bit of [the informant’s] information being thus personally verified [the officer], had 'reasonable grounds’ to believe that the remaining unverified bit of [the informant’s] information — that Draper would have the heroin with him — was likewise true.” (Draper v United States, 358 US 307, 313, supra.)
The Supreme Court in Spinelli, when reflecting upon the Draper case as it applied to the basis of knowledge requirement as delineated in Aguilar, concluded that although the informant in Draper had not revealed the way he had obtained his information, the basis of knowledge prong was *245 nevertheless satisfied, inasmuch as "[i]t was then apparent that the informant had not been fabricating his report out of whole cloth.” (Spinelli v United States, 393 US, at p 417, supra.) The high degree of specificity contained in the informant’s tip, coupled with the capability of verification, were deemed the distinguishing factors.
For purposes of this case, an even more compelling conclusion can be drawn from this line of cases, to wit: that the failure of the informant to specify the source or basis of his information is not in-and-of itself fatal; rather, the basis of knowledge prong is capable of satisfaction when the information conveyed is so detailed as to be self-verifying. Further, probable cause is demonstrated for a search or arrest, whether with or without a warrant, when such detail is capable of independent confirmation by law enforcement officers, regardless of whether the behavior observed bespeaks criminal activity. As a reading of the Draper decision reveals, nothing observed by law enforcement agents was inconsistent with innocence.
Yet today, the majority, acting pursuant to perceived State constitutional principles, casts these rational rules of law onto the legal rubbish heap, while waiving as the banner of justification a person’s right to be free from search or arrest absent reasonable grounds for believing a crime to have been committed. While I certainly would not dispute the underlying purposes which led to the adoption of the Fourth Amendment and the parallel provision of our State Constitution (NY Const, art I, § 12) as so aptly articulated by Judge Meyer in the majority’s opinion, these purposes and the obligation of the courts to protect persons from search or arrest based upon mere suspicion, common rumor, or the like, should not be transformed into the justification for crushing effective law enforcement. When a reliable informant provides information which is so detailed as to be inherently trustworthy, the dangers perceived by the majority simply do not materialize.
Admittedly, our decisions in this area are not easily reconcilable. It is clear, however, that until today this court has never judicially endorsed the per se rule espoused by the majority (at p 241) "that a warrantless search or arrest will be sustained only when the police observe conduct suggestive of, or directly involving, the criminal activity about which an informant who did not indicate the basis for his knowledge has given information to the police”. (See, e.g., People v *246 Stewart, 41 NY2d 65; People v Hanlon, 36 NY2d 549, supra; People v Castro, 29 NY2d 324, 327; People v Munger, 24 NY2d 445.) I do not believe such a rule is necessary or desirable for effective administration of criminal justice. Courts should be hesitant to establish hard-and-fast rules, for reliability and trustworthiness are not static concepts. Yet the majority, guided by the perceived need for a rigid rule of uniform application, has foreclosed the possibility of judicial approval of what must be deemed reasonable police conduct.
In this case, the information provided by the informant was detailed in nature and was verified by the officers’ independent observations. Possessing such information and having confirmed its veracity, the officers acted reasonably in stopping the automobile and searching both defendant’s person and the car’s interior. It is a pity that the majority feels compelled to strike down such reasonable and prudent law enforcement efforts undertaken for the protection of all members of our society. One can only wonder what more extensive information could have been included in the reliable informant’s tip to insure its inherent trustworthiness.
For these reasons, I would uphold the validity of the search and reverse the order of the Appellate Division.
Judges Jones, Wachtler and Fuchsberg concur with Judge Meyer; Judge Jasen dissents and votes to reverse in a separate opinion in which Chief Judge Cooke and Judge Gabrielli concur.
Order affirmed.