■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY FULTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Held, J.), rendered November 28, 1975, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's *pro se* motion for production of an informant at a suppression hearing. Case remitted to Criminal Term for the holding of an *in camera* hearing and the furnishing of a report to this court in accordance with the guidelines set forth in *People v Darden* (34 NY2d 177), and the appeal is held in abeyance in the interim. (See *People v Patti,* 59 AD2d 949; *People v Bieniek,* 60 AD2d 777; cf. *People v Havelka,* 45 NY2d 636; *People v Malinsky,* 15 NY2d 86.) Criminal Term is to file its report with all convenient speed. The record reveals that apart from the information given to the arresting officer by the informant, there was insufficient evidence to justify the detention and frisk of defendant. (Cf. *Sibron v New York,* 392 US 40; *People v Howard,* 50 NY2d 583.) Therefore the court should have held an *in camera* examination of the informant. (See *People v Darden,* 34 NY2d 177, *supra.)* The fact that defendant did not specifically ask for an *in camera* hearing is irrelevant. He did ask for the production of the informant, verification of the informant's reliability, and corroboration that in fact the informant told the officer what the officer reported on the stand. More is not needed. *People v Leyva* (38 NY2d 160, 170-172) is not to the contrary. In *Leyva* the suppression hearing was held before the *Darden* decision. The requirement of an *in camera* examination of an informant, set down in *People v Darden (supra),* was a prospective rule only. The defendant in the later case did not receive the benefit of it, nor did the defendants in *People v Huggins* (36 NY2d 827) or *People v Singletary* (37 NY2d 310). In fact, in *People v Huggins (supra)* the defendant specifically requested an *in camera* examination, but because the hearing was before the *Darden* decision, the Court of Appeals upheld the refusal to grant such an examination. The situation is analogous to a request for inspection of Grand Jury minutes and dismissal of an indictment for insufficiency of evidence. Such a motion is considered a motion for *in camera* inspection of the minutes by the court. *(People v Howell,* 3 NY2d 672.) That judicial rule has been codified in CPL 210.30 (subd 2). Gulotta, J.P., Cohalan, O'Connor and Bracken, JJ., conur.